**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHONY MICHAEL JEX and GILDA
MAE MIDDLETON,
             *Petitioners,*

            v.

ERIC H. HOLDER Jr., Attorney
General,
             *Respondent.*

No. 09-74038

Agency Nos.
A075-683-134
A075-683-135

ORDER

Filed February 6, 2012

Before: William C. Canby, Jr., Diarmuid F. O'Scannlain, and
Raymond C. Fisher, Circuit Judges.

Order;
Dissent by Judge O'Scannlain

---

**ORDER**

Anthony Jex and Gilda Middleton have filed a petition for rehearing en banc in this matter. Petitioners have had a long-term presence in the United States and have a United States citizen daughter. It appears that petitioners are the beneficiary and derivative beneficiary of an approved I-130 visa petition. They do not appear to have any criminal convictions.

In light of ICE Director John Morton's June 17, 2011 memo regarding prosecutorial discretion, and the November 17, 2011 follow-up memo providing guidance to ICE Attorneys, the government shall advise the court by March 19, 2012, whether the government intends to exercise prosecutorial discretion in this case and, if so, the effect, if any, of the

exercise of such discretion on any action to be taken by this court with regard to Petitioners' pending petition for rehearing.

---

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Judicial supervision of such decisions is sharply limited by the separation of powers and is guided by "the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985). We have generally respected these limitations on our authority and competence. *See, e.g.*, *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 977 (9th Cir. 2000) (en banc) (collecting cases).

But not today. Today the majority instructs the Attorney General to tell us whether he will prosecute a specific case notwithstanding his brief defending the Board of Immigration Appeals's decision denying the petitioner relief. We have only the slimmest authority even to review the exercise of prosecutorial discretion, *see, e.g.*, *Banuelos-Rodriguez*, 215 F.3d at 976-77; we certainly lack authority to demand a preemptive peek into whether and when (and no doubt, before long, why) the executive branch will exercise such discretion. *Cf. Wayte*, 470 U.S. at 607 ("Examining the basis of a prosecution . . . threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy."). The memoranda cited by the majority offer only internal guidance within the executive branch and squarely disclaim any suggestion that they might create any rights or benefits enforceable by the judiciary.

What is more, the petitioner never even asked us for the audacious ruling we issue today. The majority thus needlessly catapults this court into a realm of decisionmaking from which it is constitutionally walled off. I cannot join that effort and rather would decide the petition for rehearing on the basis of the record already before us.